UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-62952-CIV-GAYLES/TURNOFF

CLIFTON NICKLE and CARLENE
NICKLE,

    Plaintiffs,
vs.

SCOTT ISRAEL, as Sheriff of Broward
County, and MANUEL ALVAREZ-JACINTO,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiffs' Motion to Remand Defendants' Notice of Removal of December 29, 2014, and for Reasonable Attorney's Fees [ECF No. 7]. The Court has carefully reviewed the record and applicable law.

## BACKGROUND

On September 9, 2011, Plaintiffs filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. In their Complaint, Plaintiffs asserted section 1983 "constitutional or civil rights" claims against Defendants arising from Plaintiff Clifton Nickle's false arrest and malicious prosecution. Defendants filed a motion to dismiss on October 3, 2011, but did not attempt to remove the Complaint. On November 1, 2011, Plaintiffs filed an Amended Complaint. In the Amended Complaint, Plaintiffs specifically allege that "Defendant BSO's wholesale violation of Plaintiff's [c]onstitutional rights was persistent, widespread, and the product of an apparent departmental custom." Amended Compl. at ¶ 43. Defendants did not attempt to remove the Amended Complaint. On February 13, 2012, Plaintiffs filed a Second

Amended Complaint, omitting the §1983 claim against Defendant Broward Sheriff's Office. Even so, Plaintiffs' later amended complaints continued to include federal claims against at least one defendant. On December 17, 2014, Plaintiffs filed a Fourth Amended Complaint, re-asserting their claim that Defendant Broward Sheriff's Office ("BSO") "created a policy, procedure, custom, and policymaker decision under which the Deputy's unlawful actions and unconstitutional violations occurred." Fourth Amended Compl. at ¶ 102.

On December 30, 2014, over four years after Plaintiffs filed their Amended Complaint, Defendants removed the action to Federal Court on the basis of original federal question and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367. Defendants assert removal is timely because the Fourth Amended Complaint includes new claims that substantially alter the character of the original action such that the time to remove was just triggered on December 30, 2014. Plaintiffs have moved to remand.

## DISCUSSION

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction, pursuant to 28 U.S.C. Section 1331, or diversity jurisdiction pursuant to 28 U.S.C. Section 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See id.* § 1332(a).

The Court must strictly construe removal statutes, and resolve uncertainties in favor of remand. *See Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). The removing

party bears the burden of showing removal was proper. *See Doe v. The Florida Int'l University Board of Trustees*, 464 F.Supp.2d 1259, 1261 (S.D. Fla. 2006).

Pursuant to 28 U.S.C. § 1446(b), a party must file its notice of removal within thirty (30) days of receipt of an initial pleading raising federal question jurisdiction. Defendants have been on notice of Plaintiffs' federal claims since September 9, 2011.  Accordingly, removal is not timely and Defendants have waived their right to remove. *See* 28 U.S.C. § 1446(b).

Defendants attempt to circumvent the removal statutes by relying on the judicially created doctrine of "revival." In some circuits, the "revival exception" allows "a defendant who fails to exercise his removal rights on the first available basis to newly assert the right to remove based on the occurrence of certain later events." *Doe*, 464 F.Supp.2d at 1261. The Eleventh Circuit has yet to endorse this exception.[1] However, other courts applying the revival doctrine limit it to cases where: 1) the plaintiff deliberately misleads a defendant about the nature of the case until the removal period expires or 2) where an amended complaint "fundamentally alters" the nature of the case to such an extent that it creates "an essentially new lawsuit." *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association,* 668 F.3d 962 (7th Cir. 1982).

The Court does not find the revival exception applicable to the facts of this case. Plaintiffs' Fourth Amended Complaint is based primarily on the same factual allegations as the original Complaint. In addition, Plaintiff made allegations relating to the BSO's departmental customs nearly four years ago.  As a result, the Fourth Amended Complaint does not "fundamentally alter" the nature of the case and removal is not timely. Based thereon, it is,

---

[1] At least one district court has held that the Eleventh Circuit is not likely to recognize a revival exception to § 1446(b)(1). *See Tucker v. Equifirst Corp.*, No. 14-0182-WS-C, 2014 WL 5759070 at * 3 (S.D. Ala. Nov. 6, 2014)("The Court does not believe that the Eleventh Circuit would recognize a "revival exception to Section 1446(b)(1) were the question presented.").

**ORDERED AND ADJUDGED** that this case is hereby **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  It is further ordered that Plaintiffs' motion for attorneys' fees and sanctions is DENIED.  While removal was improper for the reasons stated above, the Court finds that the Defendant had an objectively reasonable basis for seeking removal: the Plaintiffs' multiple amendments to their complaint.  The Clerk of Court is directed to **CLOSE** this case.  All pending motions in this matter are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of January, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record